IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darnell Johnson,<br><br>                     Plaintiff,<br><br>vs.<br><br>Kevin Schwedo; Karl McClary; Tracey Miller; Joshua Gilfford; Justin Ruffin; and South Carolina Department of Motor Vehicles,<br>                     Defendants. | C/A No. 5:25-cv-13949-JFA-SVH<br><br>**ORDER** |

**I.     INTRODUCTION**

Plaintiff Darnell Johnson, ("Plaintiff") proceeding pro se, initiated this claim and filed a motion for a temporary restraining order ("TRO") and a preliminary injunction ("PI"). (ECF No. 3). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Specifically, the Magistrate Judge performed an initial review of Plaintiff's motion for a TRO and PI. After reviewing the motion, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 6). Within the Report, the Magistrate Judge opines that Plaintiff's motion should be denied. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on January 5, 2026. (ECF No. 13). Therefore, this matter is ripe for review.

1

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for TRO and PI is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir. 2012).

## III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge determined that Plaintiff's motion should be denied because he failed to show a likelihood of success on

the merits. In response, Plaintiff enumerated six separate objections. (ECF No. 13). Each is addressed below.

Initially, the court would note that each of Plaintiff's objections are rife with irrelevant legal jargon strung together to form phrases and sentences which are hard to follow or fully analyze. Each objection lacks any citation to legal authority or support for Plaintiff's position. Nevertheless, the court will attempt to analyze Plaintiff's objections to the extent possible.

Within the first objection, Plaintiff avers the "Report errs by treating a contract as a substitute for statutory authority." (ECF No. 13, p. 1). Within this objection, Plaintiff claims that the Report is "legally erroneous because a state agency cannot obtain regulatory or enforcement authority through contract where no statutory authority exits." *Id* Plaintiff further asserts an "agency cannot expand its authority by policy, handbook, contract, or agreement." *Id*. Plaintiff cites to no statute, regulation, or authority that Defendant is alleged to have exceeded. Plaintiff has the burden of showing he is likely to succeed on the merits. Plaintiff has failed to provide any authority to support his baseless claims. Accordingly, Plaintiff's objection is overruled as he has yet again failed to show he is likely to succeed on the merits.

In objection two Plaintiff argues that "federal law also requires statutory authorization and does not independently confer this power." (ECF No. 13, p. 2). Plaintiff claims the Report implicitly relies on federal CDL regulatory schemes to justify SCDMV's actions. A review of the Report reveals no reference to federal law and no reliance on

federal law in concluding Plaintiff has failed to carry his burden. Accordingly, this objection is frivolous and overruled.

In Plaintiff's third objection, he avers that "consent cannot cure ultra vires government action." (ECF No. 13, p. 2). Plaintiff avers that the "correct inquiry is not whether Plaintiff consented, but whether the state had authority to demand consent at all." *Id.* Plaintiff fails to offer any support or legal authority showing what conduct, if any, was ultra vires or what source of authority was exceeded. Plaintiff apparently concedes that he voluntarily signed a DL-404A form but fails to show how that form was invalid or improper. Accordingly, this objection is likewise overruled.

In objection four Plaintiff states the "Report fails to address the ultra vires claim, which alone establishes likelihood of success." (ECF No. 13, p. 3). A review of Plaintiff's motion and attachments (ECF No. 3) reveals that Plaintiff never made an "ultra vires claim" or even used the phrase ultra vires. Accordingly, this objection is frivolous and overruled.

Within objection five, Plaintiff asserts the "Report improperly weighs equities without addressing illegality." (ECF No. 13, p. 3). Plaintiff is incorrect. The Report based its conclusion solely on Plaintiff's inability to show likelihood of success on the merits. The Report did not address any of the other *Winter* factors such as balance of the equities. Accordingly, this objection is also overruled.

Plaintiff's final objection avers that the "Report fails to address independent constitutional violations arising from ultra vires conduct." (ECF No. 13, p. 3). Plaintiff further states that the Report errs "by treating Plaintiff's claims as primarily contractual

and procedural, while failing to address the independent constitutional violations that necessarily flow from Defendants' ultra vires conduct." *Id.* As above, a review of Plaintiff's motion reveals that none of these arguments were made within his original filing. Accordingly, the Report did not err in failing to address arguments Plaintiff never made. Thus, Plaintiff's objection is meritless and overruled.

## IV.     CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Report and Recommendation. (ECF No. 6). For the reasons discussed above and in the Report, Plaintiff's motion for a TRO and PI (ECF No. 3) is denied. This matter is recommitted back to the Magistrate Judge for further review.

IT IS SO ORDERED.

January 22, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge